UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KIMBERLY S.,[1] | : | Case No. 3:21-cv-310 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Kimberly S. brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #6), the Commissioner's Memorandum in Opposition (Doc. #11), Plaintiff's Reply (Doc. #12), and the administrative record (Doc. #5).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1),

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff protectively filed her applications for Disability Insurance Benefits and for Supplemental Security Income benefits in October 2018, alleging disability due to several impairments, including post-traumatic stress disorder (PTSD), heart failure, peripheral vascular disease (PVD), and ulcers. (Doc. #5-6, *PageID* #278). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[2] He reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. |
| Step 2: | She has the following severe impairments: chronic heart failure; PVD; alcohol-induced peripheral neuropathy; chronic fatigue syndrome; anemia; ulcer; depression; adjustment disorder; anxiety; panic disorder; and PTSD. |
| Step 3: | She does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consist of light work… except she "can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can stand and/or walk for about 6 hours and sit for about 6 hours in an 8-hour workday; can never climb ladders, ropes, or scaffolds; can occasionally crawl; can frequently climb ramps and stairs, balance, stoop, kneel, and crouch; can have |

---

[2] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

>> occasional exposure to extreme cold, extreme heat, humidity, dusts, odors, fumes, and pulmonary irritants; should avoid unprotected heights and dangerous machinery; can perform tasks, but not at a production rate pace and without strict performance quotas; limited to occasional interaction with supervisors, coworkers, and the general public; and can tolerate only occasional changes to a routine work setting, defined as one-to-two changes per week."
>
> Plaintiff is unable to perform any past relevant work.
>
> Step 5: Considering her age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. #5-2, *PageID* #s 30-38). Based on these findings, the ALJ concluded that Plaintiff has not been disabled since January 1, 2010. *Id.* at 38.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #5-2, *PageID* #s 30-38), Plaintiff's Statement of Errors (Doc. #6), the Commissioner's Memorandum in Opposition (Doc. #11), and Plaintiff's Reply (Doc. #12). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.     **Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec*., 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v.*

*Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

In her Statement of Errors, Plaintiff alleges several assignments of errors, including that the ALJ erred in his consideration of the opinion evidence of record and Plaintiff's use of an ambulatory aid. (Doc. #6, *PageID* #s 2864-73). Plaintiff also alleges that ALJ Adkins' decision is not supported by substantial evidence and the Commissioner's position is not substantially justified. *Id*. In response, the Commissioner maintains that the ALJ's decision is supported by substantial evidence. (Doc. # 11).

#### A. Medical Opinions

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017.

4

20 C.F.R. § 404.1520c. Because Plaintiff's claim for disability was filed in 2018, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." 20 C.F.R. § 404.1520c(a). Instead, the new regulations direct the ALJ to evaluate the persuasiveness of each medical opinion by considering the five following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 404.1520c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 404.1520c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." § 404.1520c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ...." § 404.1520c(c)(2).

While these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of

5

[her] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id*.

Here, Plaintiff challenges the ALJ's review of several medical opinions, including those provided by the state agency reviewing psychologists, Robyn Murry-Hoffman, Ph.D., and Vicki Warren, Ph.D.. (Doc. #6, *PageID* #s 2868-70). Drs. Murry-Hoffman and Warren reviewed Plaintiff's medical file on April 15, 2019, and August 2, 2019, respectively. (Doc. #5-3 at *PageID* #s 79-99, 127-45). Upon their review, they concluded that Plaintiff was moderately limited in her abilities to maintain attention and concentration for extended periods; to sustain an ordinary routine without special supervision; to work in coordination or in proximity to others without being distracted by them; to complete a normal workday without interruptions from her psychologically based symptoms; to accept instructions and respond appropriately to criticism from supervisors; and to respond appropriately to changes in the work setting. *Id*. at 97-99, 120-21.

As a result, Drs. Murry-Hoffman and Warren opined that Plaintiff was capable of working with the general public, coworkers, and supervisors, but only on a superficial and occasional basis.

*Id*. at 98, 121. They also found that she could work in a relatively static work environment, where changes are infrequent and can be explained in advance. *Id*. at 98-99, 120-22.

In reviewing the opinions of Drs. Murry-Hoffman and Warren, ALJ Adkins found them to be persuasive, simply stating:

> Dr. Murry-Hoffman and Dr. Warren concluded that [Plaintiff] has no more than moderate limitations, and only mild limitations with understanding, remembering, or applying information, which is consistent with the overall objective treatment notes and the psychological consultative examiner's findings. Therefore, Dr. Murry-Hoffman and Dr. Warren's opinions are persuasive.

(Doc. #5-2, *PageID* #36).

Plaintiff contends that the ALJ's above discussion is inadequate to satisfy the regulations. (Doc. #6, *PageID* #s 2868-69). Specifically, she points out that the new regulations require the ALJ to articulate his consideration of the supportability and consistency factors for each medical opinion, and that ALJ Adkins failed to explain his analysis of the supportability factor when analyzing the opinions of Drs. Murry-Hoffman and Warren. *Id.* In this respect, Plaintiff also points out that ALJ Adkins found these opinions to be persuasive but excluded certain functional limitations without providing any explanation as to why these limitations were unsupported or not consistent with the other evidence of record. *Id*. Plaintiff's arguments are well taken.

The plain language of the regulation is unquestionably clear than an ALJ must "set forth a 'minimum level of articulation'" as to how he considered the supportability and consistency factors for a medical's source's opinion. *Warren I*, 2021 WL 860506, at *8; 20 C.F.R. § 404.1520c(b) ("We *will* articulate in our determination or decision how persuasive we find all of the medical opinions ... in your case record[.]") (emphasis added); 20 C.F.R. § 404.1520c(b)(2)

7

("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your determination or decision.") (emphasis added). Indeed, while the regulations allow an ALJ flexibility as to whether he needs to discuss the other factors weighing on the persuasiveness of a medical opinion, they mandate that the ALJ set forth his rationale on what are deemed to be the two most important factors—supportability and consistency. *See id*.

Here, ALJ Adkins found the medical opinions of Drs. Murry-Hoffman and Warren to be persuasive but failed to explain how he considered the factor of supportability when reaching this conclusion. This failure is particular salient with regard to the ALJ's decision to omit a key aspect of these opinions, specifically that Plaintiff was only capable of "superficial" interaction. Instead, ALJ Adkins formulated an RFC that found Plaintiff to be capable of "occasional interaction with supervisors, coworkers, and the general public[]" *Id*. at 33. In other words, ALJ Adkins restricted Plaintiff to "occasional" interactions with supervisors and coworkers but omitted the specific recommendation that Plaintiff's interactions be "superficial."

ALJ Adkins also omitted the physicians' specific recommendation that Plaintiff work in "a relatively static work environment" where changes are not only "few and infrequent" but also "where changes can be explained in advance." Instead, ALJ Adkins simply provided that Plaintiff have "only occasional changes to a routine work setting, defined as one-to-two changes per week. *Id*.

Notably, ALJ Adkins' decision to omit these limitations is not explained in his decision. While an ALJ is under no obligation to mirror a medical opinion verbatim, he does have an obligation to "meaningfully explain why certain limitations are not included in the RFC

8

determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan*, 307 F. Supp. 3d at 803; *see also*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). In this case, ALJ Adkins found the opinions of Drs. Murry-Hoffman and Warren to be persuasive and consistent with the evidence and, therefore, was obligated to incorporate the limitations from their opinions or, alternatively, explain why he declined to include the limitations. *See id*. An ALJ's failure to provide such an explanation requires remand because it prevents this Court from conducting meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio April 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the court was "unable to trace the path of the ALJ's reasoning").

      In short, remand is warranted in this case because ALJ Adkins found the opinions of Drs. Murry-Hoffman and Warren to be persuasive but failed to include limitations for "superficial interactions" or a work environment where changes could be "explained in advance." Moreover, the ALJ failed to offer an adequate explanation for why he declined to include these limitations.

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

**B.    Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

10

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. #6) is **GRANTED;**

2. The Commissioner's non-disability finding be vacated;

3. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case be terminated on the Court's docket.

December 20, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge